In re FORTY–EIGHT INSULATIONS, INC., Debtor,

FORTY–EIGHT INSULATIONS, INC., Plaintiff,

v.

Richard T. BLACK, et al., Defendants,

ROBERT E. SWEENEY, CO., L.P.A., Defendant and Counter-plaintiff

v.

FORTY–EIGHT INSULATIONS, INC., Fibrex, Inc., a Delaware corporation, Foster Wheeler Energy Corporation, a Delaware corporation, Nachman, Munitz & Sweig, Ltd., Victor Von Schlegell, and John Does 1–10, Counter-defendants.

No. 85C9260.

United States District Court, N.D. Illinois, E.D.

July 23, 1986.

See also, Bkrtcy., 58 B.R. 476.

James S. Gordon, Edward Slovick, James E. Gordon, Ltd., Chicago, Ill., for Nachman, Munitz & Sweig.

Norman J. Barry, Joseph P. Della Maria, Jr., Christopher G. Walsh, Jr., Charles D. Knight, Rothschild, Barry & Myers, Chicago, Ill., for TPD–2.

Thomas D. Nissen, O'Malley & O'Malley, Ltd., Chicago, Ill., for Robert E. Sweeney Co., L.P.A.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

Robert E. Sweeney Co., L.P.A. (hereinafter "Sweeney"), an Ohio law firm, has filed what it has denominated as a "counterclaim" against Forty-Eight Insulations, Inc., Fibrex, Inc., Foster Wheeler Energy Corp., Nachman, Munitz & Sweig, Ltd., Victor Von Schlegell and John Does 1–10.[1] The counterclaim arises out of the chapter 11 bankruptcy proceedings of Forty-Eight Insulations, Inc. and represents Sweeney's fourth attempt at stating a cause of action under the increasingly popular civil provisions of the RICO statute. 18 U.S.C. § 1961 *et seq.* All of the named "counter-defendants" have moved to dismiss Sweeney's counterclaim. It is those motions that the Court addresses here.

A brief factual background is necessary for an understanding of the issues raised by the counterclaim and the motions to dismiss. Forty-Eight Insulations, Inc. (hereinafter "Forty-Eight") filed for chapter 11 reorganization sometime in early 1985. According to Sweeney's counterclaim, the bankruptcy proceedings were in large measure due to the thousands of claims brought against Forty-Eight for asbestosis and asbestos-related diseases. At the time the chapter 11 action was initiated Sweeney had negotiated settlements for a number of individuals who had worked for Forty-Eight and were suffering from asbestos related health problems. These settlements along with Sweeney's legal fees, amounting to some $70,000, were stayed by Forty-Eight's chapter 11 proceeding.

If the Court deciphers Sweeney's cryptic counterclaim correctly, Sweeney alleges that the counter-defendants have engaged in bankruptcy fraud in violation of 18 U.S.C. § 152 and mail fraud in violation of 18 U.S.C. § 1341.[2] Sweeney further alleg-

---

1. Apparently, Sweeney would like to assert a counterclaim against Forty-Eight Insulations, Inc. and a third party action against the other "counter-defendants." The John Does are "other individuals yet unknown to plaintiff who are involved in the conspiracy to defraud" alleged in the counterclaim. Counterclaim at p. 3. The John Does remain unidentified at the time of this ruling.

2. The counterclaim actually alleges that the counter-defendants' fraudulent activities violate 11 U.S.C. § 152 and 11 U.S.C. § 1341. The Court presumes, as did the counter-defendants, that Sweeney intended to allege violations of Title 18, not Title 11 of the United States Code.

es that these frauds, which are defined as racketeering acts under the RICO statute, constitute a pattern of racketeering activity. After four attempts to state a claim under the RICO statute, Sweeney's counterclaim fails to allege that the pattern of racketeering violates the substantive RICO provision—section 1962. In fact, section 1962 of Title 18 United States Code is not once mentioned in the counterclaim.

Counter-defendants have moved to dismiss the counterclaim on the grounds that: (1) the counterclaim does not allege a violation of the RICO statute; (2) the alleged frauds are not pled with sufficient particularity as required by Rule 9(b) Fed.R. Civ.P.; and (3) Sweeney has not suffered a direct injury to its business or property as required by the RICO statute, 18 U.S.C. § 1964(c). The Court holds that all three of the counter-defendants' contentions have merit.

1. *The failure to allege a violation of RICO's substantive provision.*

■ Sweeney concedes that the counterclaim does not allege a violation of 18 U.S.C. § 1962(a), (b), (c) or (d), but argues instead in its responsive memorandum that the counterclaim should be interpreted as alleging a violation of 18 U.S.C. § 1962(c). The sufficiency of the counterclaim must be judged on the wellpleaded facts expressly stated in the counterclaim and not by the extraneous allegations subsequently raised by the counterclaimant to bolster the claim. *Muskikiwamba v. Essi, Inc.*, 760 F.2d 740, 752 (7th Cir.1985); *Rogers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 198 (7th Cir.1985). Under this standard the counterclaim is facially deficient.

Even if the Court were to construe the counterclaim to allege a violation of section 1962(c), such a construction would only raise more serious doubts as to the sufficiency of the complaint because some of the counter-defendants ("persons") would not be distinct from the alleged "enterprise" as required by *Haroco v. American National Bank & Trust Co.*, 747 F.2d 384, 400 (7th Cir.1984), *aff'd,* — U.S. —, 105

S.Ct. 3291, 87 L.Ed.2d 437 (1985). Moreover, if Fibrex is the alleged enterprise the complaint fails to show how still other counter-defendants participated in its affairs through a pattern of racketeering activity.

Thus, the counterclaim does not allege a violation of the RICO statute and must therefore be dismissed.

2. *Failure to plead fraud with particularity.*

It is well established in this circuit that allegations of fraud in the RICO context must comply with the mandates of rule 9(b) Fed.R.Civ.P. "which requires that allegations of fraud specify 'with particularity' the circumstances of the alleged fraud." *Haroco v. American National Bank & Trust Co.*, 747 F.2d at 405. *See also* Rule 9(b) Fed.R.Civ.P. ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity"). It is an understatement to say that the counterclaim is unclear as to the alleged frauds committed by the counter defendants.

■ The counterclaim alleges that Forty-Eight's chapter 11 proceeding is somehow fraudulent and therefore the counter-defendants have violated 18 U.S.C. § 152. Section 152 contains nine substantive paragraphs relating to fraudulent activities with regard to bankruptcy proceedings. Sweeney has invoked this section generally without alleging the specific violations committed by the counter defendants. Rule 9(b) requires more than mere invocation of statutory enactments. Moreover, the Court, along with the counter-defendants, is unable to determine what specifically the counterclaimant objects to with regard to the chapter 11 proceeding. The counterclaim alleges that Forty-Eight has leased its assets to Fibrex and that the president of Fibrex is the same person who is the president of Forty-Eight. Without more, the mere fact that a related enterprise is leasing the assets of the debtor does not give rise to the presumption of fraud. Counterclaimant does not allege that the

lease was entered into at less than arms length or at particularly disadvantageous terms for the debtor.

■ The counterclaim also alleges that the mailing of the chapter 11 reorganization petition and the injunctive complaint which initiated the present litigation constitutes mail fraud in violation of 18 U.S.C. § 1341. How the filing and mailing of these documents constitutes mail fraud is not clear from the counterclaim. If the counterclaim is asserting that the legal documents contained false representations, sufficient particularity under Rule 9(b) requires the complaining party to briefly flesh out the overall scheme to defraud and specifically aver the time, place, participants and substance of the allegedly false representations and state how the false representations advance the fraudulent scheme. *See Tomera v. Galt*, 511 F.2d 504, 508 (7th Cir.1975) (holding Rule 9 requires a "brief sketch of how the fraudulent scheme operated, when and where it occurred and the participants"). Such specificity is required to protect individuals from broad and unfounded charges of fraudulent wrongdoing. The need to protect the reputations of individuals is just as acute, if not greater, in the RICO context where defendants are labeled "racketeers."

■ If, on the other hand, the counterclaim is alleging that the filing and mailing of both the bankruptcy petition and the complaint for injunctive relief were just a part of a broader scheme to defraud, that broader scheme is not apparent from the counterclaim. Sweeney alleges in its response to the motion to dismiss that the petition and complaint were in furtherance of a scheme to transfer assets, however, the counterclaim does not adequately allege such a scheme. The counterclaim does not disclose the who, what, where and how of the fraudulent scheme. Besides the counterclaimant's failure to allege the mail fraud with sufficient particularity there is significant doubt as to whether the filing of a chapter 11 petition and a complaint could constitute mail fraud. *See Spiegel v. Continental Illinois National Bank*, 609

F.Supp. 1083 (N.D.Ill.1985). Moreover, the Court is concerned that if counterclaimant's position were followed, the result may very well be the infringement of the counter-defendants' right to petition the government through the courts as guaranteed by the First Amendment of the United States Constitution. *See e.g. California Motor Transport v. Trucking Unlimited*, 404 U.S. 508, 902 S.Ct. 609, 30 L.Ed.2d 642 (1972). The counterclaim does not allege that the petition and complaint are an attempt to subvert and/or corrupt the judicial process. Absent such an allegation, petitioning through the judicial process is presumptively proper.

### 3. *The failure to allege a RICO injury.*

■ Sweeney argues that all of the above discussed defects are easily corrected by filing another amended complaint. The Court does not believe that the task is so easily accomplished given the nature of the claims counterclaimant would like to make against the various parties and in view of Sweeney's three previous attempts to state a RICO claim. In any event, the counterclaim suffers from another deficiency that cannot be cured by the filing of an amended counterclaim. Sweeney does not have standing to sue under the RICO statute as it has not had its business or property injured by reason of a 1962 violation as required by 18 U.S.C. § 1964(c).

Sweeney's alleged injury is the "loss" of the $70,000 in legal fees due to Forty-Eight's petition for chapter 11 relief. For starters, it is not certain that Sweeney has "lost" these legal fees as Forty-Eight has yet to file its plan of reorganization. At this point, it is pure speculation that the settlement agreements achieved by Sweeney, which are the basis for its legal fees claim, will be wholly dishonored. A delay in payment is not the same thing as a loss. As the counter-defendants point out, it could be that Sweeney's clients will receive 100 cents on the dollar for their settlements under the reorganization plan. Unlikely, but not an impossibility when viewed

from this stage of the bankruptcy proceedings.

Equally troublesome is the nature of Sweeney's alleged injury. What Sweeney is alleging is that because of the frauds committed by the counter-defendants, Sweeney's clients have not received their personal injury settlements and because the clients have not received their settlements Sweeney has not been paid its legal fees by the clients. Although this appears to be an injury to Sweeney's business or property it does not result directly from a violation of the RICO statute. Sweeney's injury, if it exists at all, derives from the alleged injury to its clients. The Seventh Circuit has held that such indirect or derivative injuries are not recoverable under the RICO statute. *Carter v. Berger*, 777 F.2d 1173 (7th Cir.1985). *See also Warren v. Manufacturers National Bank of Detroit*, 759 F.2d 542 (6th Cir.1985) (holding corporate shareholders cannot sue for RICO injuries to the corporation); *Gallagher v. Canon U.S.A., Inc.*, 588 F.Supp. 108 (N.D. Ill.1984) (holding shareholders are not the "person injured" by reason of a section 1962 violation against the corporation). Therefore, Sweeney does not have standing to bring a RICO action against the counter defendants.

## CONCLUSION

For the foregoing reasons, the counterclaim is dismissed in its entirety with prejudice. The motions for sanctions raised by Forty-Eight and Nachman, Munitz & Sweig, Ltd. are denied. Sanctions are not appropriate at this time, however, Sweeney is forewarned that any future filings should be made in good faith and only after a thorough analysis of the facts and applicable law. Sweeney's motion for joinder of parties is rendered moot by this decision. The original injunction action filed by Forty-Eight against Sweeney and its clients is more appropriately considered by the bankruptcy court. Therefore, having resolved the matters outside the realm of Title 11, this matter is referred back to the bankruptcy court for a timely resolution.