**PERFECTION CORPORATION, Plaintiff,**

v.

**DRESSER INDUSTRIES, INC., Defendant.**

**Civ. A. No. 83–335 ERIE.**

United States District Court, W.D. Pennsylvania.

Aug. 25, 1986.

Edward W. Goebel, Jr., Erie, Pa., Christopher B. Fagan, Cleveland, Ohio, for plaintiff.

Richard R. Nelson, Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

When plaintiff amended its complaint to add a claim under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 et seq., the amendment spawned a raft of pleadings—three motions and six briefs or letters directly related to it. Presently pending is defendant's motion to dismiss the RICO claim and plaintiff's motions to extend discovery and for leave to amend its complaint and to add new parties. Because of the provisions of RICO, decision of plaintiff's motion for leave to amend by adding parties will affect the posture of defendant's motion to dismiss.

Each of the sections of RICO at issue here—18 U.S.C. § 1962(a), (b), and (c)—uses the words "person" and "enterprise."

From the outset, defendant has strenuously argued that this language could not apply in an action against a single corporate defendant; that is, RICO requires that "person" and "enterprise" refer to separate entities. Defendant's briefs include copies of very recent opinions from federal courts across the country supporting its interpretation. Plaintiff has responded with copies of opinions it has found supporting the opposite interpretation. Counsel's efforts demonstrate the uncertainty surrounding construction of this statute and the absence of a unifying, authoritative voice.

Plaintiff now seeks to short circuit the troublesome task of statutory interpretation by simply moving to add individual defendants who participated in the events in controversy. Plaintiff alleges that the addition of these individuals satisfies any construction of RICO requiring separate entities. Defendant opposes this motion with procedural responses: plaintiff has already amended its complaint twice, discovery has been extended six times (at least once with defendant's consent), plaintiff has not been diligent in its discovery efforts, and any additional delay would prejudice defendant's position. It is arguable that discovery has been overdone in this case, but despite our efforts to limit it, we find this tendency in the majority of cases. We must also recognize that this has been complex litigation, involving five claims, including one for patent infringement. By necessity, the court takes great care in deciding such claims. We disposed of this one by vigorously contested summary judgment. The case also includes a RICO claim, an area of the law in flux both before and after the Supreme Court's decision in *Sedima, S.P.R.L. v. Imrex Company,* —— U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). Plaintiff added its RICO count shortly after this decision broadened RICO's applicability. These are a few of the factors that slowed disposition of the entire case, from the court's point of view. Rule 15 directs that leave to amend be freely given when justice requires. We find that the interests of justice strongly favor disposing of all relevant claims in a single action and avoiding piecemeal litigation. We thus will deny defendant's motion to dismiss plaintiff's RICO claim. Consequently, defendant's objections to the amended complaint and to the extension of discovery are overruled. Plaintiff's counsel should be aware that the court's patience is limited, however, and that any unnecessary delay in meeting new deadlines will not be tolerated. But even where unnecessary delay is present, when the reasons for the delay reach the merits of the case, we consider the remedy of first resort to be imposition of sanctions. With the joinder of these individual defendants, Dresser's arguments that RICO requires separate persons and enterprises loses merit.

Defendant also challenges plaintiff's RICO claim by asserting that the actions plaintiff complains of do not constitute a pattern of racketeering activity. This phrase has eluded suitable definition and courts have given it various interpretations. See, e.g., *U.S. v. Moeller,* 402 F.Supp. 49, 57–58 (D.Conn.1975) ("the common sense interpretation of the word 'pattern' implies acts occurring in *different criminal episodes,* episodes that are at least somewhat separated in time and place yet still sufficiently related by purpose to demonstrate a continuity of activity.") (emphasis in original); *Northern Trust Bank/O'Hare, N.A. v. Inryco, Inc.,* 615 F.Supp. 828 (D.C.Ill.1985) and cases cited within. The court notes that both sides have cited both these cases in their supporting briefs.

The court in *Northern Trust Bank* recognized the narrowing effect of Justice White's footnote in *Sedima, S.P.R.L. v. Imrex Company,* —— U.S. ——, ——, 105 S.Ct. 3275, 3285 n. 14, 87 L.Ed.2d 346 (1985). This court did the same in *Wright v. Everett Cash Mutual Insurance Company,* 637 F.Supp. 155 (W.D.Pa.1986). In

the context of that case, we held that the annual mailing of billing statements and policy renewals to an insurance claimant were part of a single unified transaction of obtaining insurance coverage. We concluded that those acts did not reveal a pattern of racketeering.

Defendant's argument follows this tack: that this case actually involves a single transaction, the misappropriation of a single group of ideas by one corporation from another corporation through one employee, and extending no further. The argument is superficially persuasive. Even though defendant's activity allegedly was carried out over a period of years, there is no dispute, taking plaintiff's well-pleaded allegations as true, that defendant had but one target, seeking a single related group of ideas through a single employee. Defendant's actions thus may be seen as related to a single goal, and as such, defendant argues, to a single prohibited episode.

In this case, however, even a limited interpretation of RICO would survive a motion to dismiss. Under the statute racketeering activity "means (A) any *act* or *threat*" involving various listed crimes. 18 U.S.C. § 1961(1). One episode of racketeering activity thus may equal one act involving criminal activity. Perfection plainly alleges more than two prohibited acts separated by time and space. Response to Defendant's Reply Brief, Exhibit D. In deciding a motion to dismiss, these allegations must be taken as true. The acts cited were sufficiently isolated and distinct to be considered separate acts of racketeering activity.

We emphasize that our decision depends on interpreting the significance and quality of the acts themselves, which of course differ from case to case. Though the facts at trial may show that defendant's actions do not qualify as separate acts of racketeering activity, plaintiff's RICO claim is not presently subject to dismissal on these grounds. Defendant's other supporting arguments are no more persuasive.