A POCONO COUNTRY PLACE, INC., Frank A. Trainor, Jr., Donald J. Kessler, Sr. and Caroline Kadis, Plaintiffs,

v.

William PETERSON, James Marley, et al., Defendants.

Civ. No. 87–0031.

United States District Court, M.D. Pennsylvania.

May 29, 1987.

Daniel J. Digiacomo, Philadelphia, Pa., for plaintiffs.

Marshall E. Anders, Rosenblum & Anders, Stroudsburg, Pa., for defendants.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Plaintiffs, A Pocono Country Place, Inc. (Pocono), Francis A. Trainor, Jr. (Trainor), Donald J. Kessler, Sr. (Kessler) and Caroline Kadis (Kadis) filed a complaint on January 8, 1987 against various defendants invoking this court's jurisdiction pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), Interstate Land Sales Full Disclosure Act (Land Sales Act) and pendent jurisdiction. Defendants filed pretrial motions and a brief in support thereof on February 2, 1987 and March 2, 1987, respectively. Plaintiffs opposed the motions on March 25, 1987. Defendants filed a Reply Memorandum on April 7, 1987 and plaintiffs filed a Sur–Reply Memorandum on April 15, 1987. Accordingly, the motions are ripe for disposition.[1] For the reasons set forth below, defendants' Motion to Dismiss Count III of the Complaint will be granted; defendants' Motion to Dismiss the Entire Complaint will be denied; defendants' Motion to Dismiss Count I of

---

1. In their Reply Memorandum, defendants request oral argument on the motions pursuant to Local Rule 404. Local Rule 404 provides that the judge, in his discretion, may grant oral argument at the request of either or both parties. In this case, the court does not believe that oral argument would be helpful. Accordingly, defendants' request for oral argument is denied.

the Complaint will be denied; defendants' Motion to Dismiss Counts II, IV and V of the Complaint will be denied; defendants' Motion to Dismiss the three (3) individual plaintiffs will be denied and defendants' Motion to Strike any reference to A Pocono Country Place Property Owners Association, Inc. will be denied.

## FACTUAL BACKGROUND

Taking the allegations of plaintiffs' complaint as true for purposes of this motion reveals the following. Pocono is a development corporation and prior owner of a subdivision called A Pocono Country Place. Individual plaintiffs are shareholders of Pocono and with Pocono were former shareholders in two (2) subsidiary companies, Country Place Water Company, Inc. and Country Place Waste Treatment Company, Inc. (Utilities). Pocono marketed homesites in the development from approximately 1973 until 1982. In January, 1981, Pocono filed a Chapter 11 Bankruptcy petition.

Pocono entered into an Agreement with Cost Control Marketing & Management, Inc. (Cost Control) whereby Pocono would sell a lot to Cost Control as Cost Control found a buyer for such lot. The money from these sales was to be paid to Pocono to fund the Chapter 11 reorganization plan. Because Pocono was unable to get Creditor Committee approval of its reorganization plan, Pocono opted for a bulk sale of its remaining lots and the Utilities apparently with Bankruptcy Court approval. In essence, Cost Control agreed to pay $4,000,-000 according to specific conditions for Pocono's assets, dependent on certain contingencies.

The instant dispute centers around alleged money due as a result of the Agreement between Pocono and Cost Control. In addition, Pocono avers that Cost Control fraudulently acquired accounts of Pocono's debtors in an attempt to thwart Pocono's efforts to discharge its obligations under the Agreement with Cost Control. Apparently, according to plaintiffs, Cost Control benefitted by a breach of the Agreement by Pocono. Moreover, plaintiffs contend that they are exposed to various liabilities as a result of Cost Control's actions. Indeed, as will be set forth, Cost Control instituted suit in Monroe County as a result of an alleged breach of the Agreement by Pocono.

Individual defendants Peterson, Marley and Kujawski are controlling officers of Cost Control. Defendants Silva and Crapser are employees of Cost Control. It is alleged that defendant Peterson, President of Cost Control, conspired to withhold approximately $500,000 Pocono was to receive at a closing pursuant to the Agreement with Cost Control. Defendant Marley is averred to have refused to fund certain escrow accounts pursuant to the Agreement. Furthermore, plaintiffs allege that Cost Control sought to thwart Pocono's legal proceedings against account debtors through Peterson, Marley, Kujawski, Silva and Crapser. Peterson, Marley, Kujawski and Silva purportedly conspired to forge Trainor's name to Agreements of Indemnification and Silva allegedly notarized the documents knowing the signature to be a forgery. Finally, for purposes of this motion, plaintiffs maintain that the individual defendants caused deeds to be granted from Pocono to Cost Control by fraudulently affixing secretarial attestations, seals or Trainor's signature to the deeds.

## DISCUSSION

Initially, the court recognizes that plaintiffs do not oppose defendants' motion to dismiss Count III of the complaint and will not pursue this claim. *See* Document 8 of the Record at 3. Accordingly, Count III of the complaint alleging violations of the Land Sales Act is dismissed. The court must address each of defendants' remaining motions separately.

### I.

Defendants moved to dismiss the entire action by reason of the pendency of an identical state action. The background of this motion is as follows.

On October 3, 1986, Cost Control filed an action in equity in Monroe County against the within named plaintiffs requesting in-

junctive relief and damages based upon a breach of contract. *See* Document 4 of the Record at 1 and Document 8 of the Record at 1. On October 23, 1986, the within named plaintiffs filed a counterclaim in the action filed in state court. *Id.* Defendants maintain that the counterclaim is based upon the same factual basis as the complaint in this matter. On the other hand, plaintiffs aver that the complaint in this case is materially different from plaintiffs' counterclaim in the state court action. Specifically, plaintiffs maintain that the parties in the state court action and this action are different, that the RICO cause of action asserted in this case was not set forth in the counterclaim and that the remedies sought here are different from those sought in the counterclaim. *See* Document 8 of the Record at 1. Moreover, plaintiffs deny the allegation that they entered into a stipulation in state court wherein they allegedly agreed that this federal court action would not be brought.

In support of their position, defendants maintain that jurisdiction of the RICO count of the complaint is concurrent and, therefore, the RICO count could have been brought in the counterclaim filed in state court. *See Chas. Kurz Co. v. Lombardi,* 595 F.Supp. 373 (E.D.Pa.1984). *Contra County of Cook v. Midcon Corp.,* 574 F.Supp. 902 (N.D.Ill.1983), *aff'd on other grounds,* 773 F.2d 892 (7th Cir.1985); *see Jacobson v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,* 797 F.2d 1197, 1208 n. 2 (3d Cir.1986) (Adams, C.J., concurring in part and dissenting in part), *cert. filed,* 55 U.S.L.W. 3259 (Sept. 25, 1986) (noting conflict on issue of concurrent RICO jurisdiction). The court finds that it need not decide whether the state courts *could have had* jurisdiction over plaintiffs' RICO claim. Since no final judgment has been rendered in the state court action, the present case is governed by the doctrine enunciated in *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

The court, in its discretion, may dismiss an action in favor of pending state actions involving the same parties and issues when by doing so the interests of judicial economy and federalism are furthered. *See Modern Gas Sales v. Potlatch Corp.,* No. 85–0828, slip op. (M.D.Pa. Nov. 1, 1985) (Nealon, C.J.). In *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the United States Supreme Court again recognized the propriety of dismissing a federal action but cautioned federal courts that they, "have a 'virtually unflagging obligation ... to exercise the jurisdiction given them.'" *Id.* at 15, 103 S.Ct. at 936. Quoting *Colorado River Water Conservation Dist. v. United States, supra,* the Supreme Court stated:

> In assessing the appropriateness of dismissal in the event of an exercise of concurrent jurisdiction, a federal court may also consider such factors as the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums. No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required. *Only the clearest of justifications will warrant dismissal.*

*Id.* at 15–16, 103 S.Ct. at 937 (citations omitted) (emphasis in *Moses H. Cone*). In *In Re Complaint of Bankers Trust Co.,* 636 F.2d 37, 40 (3d Cir.1980), our Court of Appeals held that it is important that only truly duplicative proceedings be avoided. "When the claims, parties, or requested relief differ, deference may not be appropriate." *Id. See also I.A. Durbin, Inc. v. Jefferson Nat'l Bank,* 793 F.2d 1541 (11th Cir.1986) (although no precise test has been articulated, the general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions).

■ An examination of the state court action and this action reveals that Plaintiff Kadis is not a party in the state court action. Similarly, individual Defendants Peterson, Marley, Kujawski, Silva and Crapser are not parties in state court. Moreover, Country Place Water Co., Inc.

and Country Place Waste Treatment Co., Inc. are named plaintiffs in the state court action but are not named parties in this case. In addition, plaintiffs assert a RICO claim in this court and they aver that the remedies sought in this action and in the counterclaim are different. Even were the court to conclude that the state court has concurrent jurisdiction over the RICO claim, plaintiffs were not obligated to forego a federal forum. Plaintiffs could pursue the RICO claim in federal court, either simultaneously with the state court law suit or with pendent state claims. *See Karel v. Kroner*, 635 F.Supp. 725, 731 (N.D. Ill.1986). The fact that federal law provides the rule of decision on the merits of the RICO claim weighs in favor of the federal court's assumption of jurisdiction despite parallel state litigation. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., supra,* 460 U.S. at 23, 103 S.Ct. at 941.

While the two actions may amount to piecemeal litigation and the state court action was commenced before this suit, the court does not believe that these two factors warrant dismissal of the instant case. *See Metropolitan Int'l, Inc. v. Alco Standard Corp.,* 657 F.Supp. 627 (M.D.Pa. 1986) (Nealon, C.J.) (did not appear that RICO claim was before state courts; review of other factors leads to conclusion that stay would be inappropriate). Even defendants concede that there is no appreciable inconvenience in litigating in this forum rather than in the state court. *See*

Document 10 of the Record at 8. Accordingly, defendants' Motion to Dismiss based on the pending state action will be denied.

## II.

Defendants seek to dismiss Count I of the Complaint, the RICO count, based on a variety of reasons.[2] Defendants, however, have not briefed all of their allegations and the court will address only those assertions addressed in plaintiffs' Memorandum of Law. *See* Document 5 of the Record at 16–28.

The first ground raised is that the complaint fails to properly allege racketeering activities in which defendants were engaged. In the complaint, plaintiffs allege that the defendants conspired to thwart Pocono's legal proceedings against various account and judgment debtors assigned to Pocono by systematically soliciting such debtors through use of the interstate mails and wires, in an effort to induce those debtors into selling their lots to Cost Control in exchange for releases of liability from existing indebtedness to, *inter alia,* A Pocono Country Place Property Owners Association, Inc. *See* Document 1 of the Record at ¶ 48. The complaint goes on to aver that during the months of March, April, May, June, July and August, 1986, defendants conspired to forge Trainor's name as acting President of Pocono and in behalf of Pocono to certain "Agreements of Indemnification" and that said forged documents constituted the basis on which account and judgment debtors were induced

---

2. In their motion, defendants raise the following grounds:

a. The Complaint fails to allege the racketeering in which the Plaintiffs were allegedly engaged.

b. The Complaint fails to allege a pattern of racketeering composed of predicate acts as opposed to injury attributable merely to individual acts.

c. The Complaint fails to allege other than a conclusion, the nature of the enterprise in which the Defendants were engaged.

d. The Complaint fails to allege the existence of an enterprise separate and distinct from the activity in which the Defendant, Cost Control Marketing and Management, Inc. and its employees, are normally and legitimately engaged.

e. The Complaint does not allege how the use of the means of interstate commerce to wit, mail and wire, were ever used in connection with the business enterprise to further a scheme to defraud.

f. The Complaint fails to allege how the alleged injuries of the Plaintiffs were caused by the use of mail fraud or wire fraud in furtherance of a scheme.

g. The Complaint fails to allege any nexus between the alleged claim and organized crime.

h. The Complaint fails to allege the prior criminal convictions of the Defendants or any of them which prior determination is necessary before a civil action can be brought pursuant to the Racketeer Influenced and Corrupt Organizations Act.

*See* Document 4 of the Record at 2–3.

to sell their lots to Cost Control in furtherance of a scheme to defraud Pocono. *Id.* at ¶ 49.

In a RICO action, plaintiffs are not required to allege in their complaint such details as the date, place or time of mailings and telephone calls involved. *See Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,* 742 F.2d 786 (3d Cir.1984), *cert. denied,* 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985). In light of those standards applied to motions to dismiss, the court believes that a sufficient RICO cause of action has been alleged.

Rule 9(b) requires plaintiffs to plead with particularity the circumstances of the alleged fraud in order to place defendants on notice of the precise misconduct with which they are charged and to safeguard defendants from spurious charges of immoral and fraudulent behavior. *Id.* at 791; *Metropolitan Int'l, Inc. v. Alco Standard Corp., supra,* at 635; *LSC Assocs. v. Lomas & Nettleton Fin. Corp.,* 629 F.Supp. 979, 983 (E.D.Pa.1986). Although the specific dates listed in plaintiffs' complaint may go to the date of forgeries rather than the date the mails or wires were used, the court believes that plaintiffs adequately satisfy the requirements of Rule 9(b) by listing the allegedly fraudulent documents, the dates they were executed and the properties to which they apply. Thus, the nature and subject of the alleged misrepresentations are sufficiently alleged to survive a Motion to Dismiss.[3] *Metropolitan Int'l Inc. v. Alco Standard Corp., supra,* at 635.

Defendants' assertion that a civil RICO plaintiff must allege more than injury from the predicate acts of mail or wire fraud and that they must allege an injury that is different from the harm arising from the underlying offenses is without merit. *See Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985) (RICO complaint not deficient for

failure to allege an injury separate from the financial loss stemming from the alleged acts of mail and wire fraud); *Penturelli v. Spector, Cohen, Gadon and Rosen,* 779 F.2d 160 (3d Cir.1985) (no requirement of injury different in kind from that which results from the predicate acts themselves). Accordingly, plaintiffs' allegations of injury, even if resulting only from the commission of the predicate acts, is sufficient. Moreover, the complaint, when read as a whole, sufficiently alleges how the mails and wires were used to further the purported scheme.

Next, defendants allege that the complaint fails to aver the existence of an enterprise separate and distinct from the activity in which defendants were engaged. Plaintiffs' complaint identifies as a RICO enterprise the corporate defendant Cost Control. For purposes of the motion to dismiss, plaintiffs sufficiently allege the individual defendants are either controlling officers or employees of the enterprise Cost Control and that these individuals conducted the business of Cost Control thereby evidencing the RICO violation.

Defendants are correct that a violation of § 1962(c) of RICO requires that the corporation associate with an enterprise which is different from itself. *See B.F. Hirsch, Inc. v. Enright Ref. Co.,* 751 F.2d 628 (3d Cir. 1984). Put another way, Cost Control cannot be both the "enterprise" and the liable "person" for § 1962(c) purposes. *See United States v. Turkette,* 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981). Thus, were plaintiffs' only allegations against Cost Control based on § 1962(c), defendants' motion would be well taken.

As plaintiffs aver, however, the individual defendants have been alleged to have violated § 1962(c). Defendant Cost Control is averred to have violated § 1962(a). *See* Document 1 of the Record at ¶ 55(a). This court has previously found that § 1962(a) does not require that the

---

**3.** While sufficient for purposes of the pleading requirements of Rule 9(b), as far as being entitled to recover, more specificity will be required. *See Citizens Sav. Assoc. v. Franciscus,* 656 F.Supp. 153, 160 (M.D.Pa.1986) (Nealon,

C.J.). That is, as the action progresses, plaintiffs will be required to set forth the acts of mail fraud or wire fraud with specificity and to detail each defendant's involvement therein.

liable person be a separate entity from the enterprise. *See Roche v. E.F. Hutton & Co., Inc.*, 658 F.Supp. 315, 320–322 (M.D. Pa.1986) (Nealon, C.J.). Under § 1962(a) the liable person may be a corporation using the proceeds of a pattern of racketeering activity in its operations. *Id.; see also B.F. Hirsch, Inc. v. Enright Ref. Co.*, 617 F.Supp. 49 (D.N.J.1985). Accordingly, Cost Control may be the liable person under § 1962(a). *See Masi v. Ford City Bank and Trust Co.*, 779 F.2d 397 (7th Cir.1985); *Commonwealth of Pennsylvania v. Derry Constr. Co., Inc.*, 617 F.Supp. 940 (W.D.Pa. 1985); *Contra Kredietbank, N.V. v. Joyce Morris, Inc.*, No. 84–1903, slip op. (D.N.J. Jan. 9, 1986) [Available on WESTLAW, 1986 WL 5926] *aff'd mem.*, 808 F.2d 1516 (3d Cir.1986).[4]

In the reply brief, defendants apparently concede that Cost Control could be a proper defendant under § 1962(a), but aver that in this case Cost Control is merely the victim of the racketeering and no liability against it pursuant to subsection (a) could be maintained. *See* Document 10 of the Record at 19. This court previously recognized that a corporation can be held liable when it is actually the perpetrator or beneficiary, direct or indirect, of the pattern of racketeering activity, but not when it is merely the victim, prize or passive instrument of racketeering. *See Roche v. E.F. Hutton & Co., Inc., supra*, at 320 (citing *Haroco, Inc. v. American Nat'l Bank and Trust Co.*, 747 F.2d 384 (7th Cir.1984), *aff'd*, 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985)). In *Roche,* the plaintiffs alleged that defendant was a perpetrator or beneficiary of the racketeering activity. *Id.* at 321. While defendants argue that ¶ 55(a) of the complaint standing alone is insufficient to assert liability under § 1962(a), the court does not agree.

■ Reading the allegations of the complaint in a light most favorable to plaintiffs, the court does not find that plaintiffs cannot establish any set of facts which would entitle them to relief from Defend-

ant Cost Control. A fair reading of the complaint indicates that Cost Control received income from the pattern of racketeering activity and invested that income in its own operations. Moreover, the complaint may also be read to imply that Cost Control directly participated in the scheme to defraud.

■ Defendants maintain that the complaint fails to allege any nexus between defendants' actions and organized crime. In *Gilbert v. Prudential–Bache Sec., Inc.*, 769 F.2d 940 (3d Cir.1985), our Court of Appeals refused to read into the civil RICO statute any requirement that it be confined to situations implicating organized crime. Accordingly, plaintiffs are not required to allege a nexus between defendants and organized crime. *Id.* at 942.

In their next allegation, defendants maintain that the complaint fails to set forth a pattern of racketeering as required by § 1962. This court has previously held that when two acts of racketeering activity which relate to each other and arise out of the same scheme are alleged, the requirement of pleading a pattern of racketeering activity has been met. *See Metropolitan Int'l, Inc. v. Alco Standard Corp., supra*, at 634. Indeed, it is the established position of the undersigned that two or more related acts arising out of the same criminal scheme may constitute a pattern of racketeering. *See Citizens Sav. Assoc. v. Franciscus*, 656 F.Supp. 153, 157 (M.D.Pa. 1986) (Nealon, C.J.).

■ There are several factors that must be examined in determining whether a pattern of racketeering has been established. *Id.* at 158. These factors include: the number and variety of the predicate acts, the length of time over which they were committed, the number of victims, the presence of separate schemes and the occurrence of distinct injuries. *Id.* Similar to the situation in *Citizens,* the plaintiffs in this case allege a number of alleged fraudulent acts and misrepresentations so that the purported scheme to cause debtors of plaintiffs to

---

**4.** Because *Kredietbank* was affirmed without a published opinion, it is not binding on this court, nor is it considered precedential by the

Court of Appeals. *See Harper v. Jeffries*, 808 F.2d 281, 283–84 n. 3 (3d Cir.1986).

turn over property to the defendants may exist. On the basis of the present motion, and in light of the standard applied to motions to dismiss, the court finds that plaintiffs have sufficiently plead a pattern of racketeering to withstand defendants' motion at this time.

Defendants' next argument is that plaintiffs have failed to show that each defendant has committed at least two (2) predicate acts. Plaintiffs cite the case of *LSC Assocs. v. Lomas & Nettleton Fin. Corp.*, 629 F.Supp. 979, 983 (E.D.Pa.1986), for the proposition that plaintiffs are not required to present a detailed assignment of particular acts to particular defendants in their complaint. This court has held, however, that in order to sustain a RICO claim, plaintiff must present proof that *each* defendant was in some manner involved in the performance of the requisite predicate acts.[5] *See Citizens Sav. Assoc. v. Franciscus, supra*, at 160. In *Citizens Savings*, the court noted that the defendants who maintained that there was insufficient evidence linking them to the requisite predicate acts could submit a motion for summary judgment should plaintiffs fail to narrow the scope of their law suit as the evidence may warrant at the conclusion of discovery. *Id.* at 160. Moreover, the court does not read the *LSC Assocs.*, decision to state that plaintiffs need not relate the commission of predicate acts to each defendant. Accordingly, plaintiffs are advised that, upon completion of discovery, if no evidence is adduced against certain defendants showing that they committed or participated in the commission of the predicate acts, a RICO claim could not be maintained against that defendant.

### III.

Because the court has found that plaintiffs have sufficiently alleged a RICO cause of action, defendants' argument that the court should decline to exercise jurisdiction over the state law claims is without merit. Inasmuch as jurisdiction over the federal RICO issue is appropriate, it does not appear at this point that an exercise of pendent jurisdiction over the state law claims would be unjustified. *See United Mineworkers of America v. Gibbs*, 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139–40, 16 L.Ed.2d 218 (1966); *Metropolitan Int'l, Inc. v. Alco Standard Corp., supra*, at 634.

### IV.

Defendants seek to dismiss Plaintiffs Trainor, Kessler, and Kadis from this action because they are not proper RICO plaintiffs. In essence, defendants assert that the plaintiffs lack standing to bring the RICO action. Plaintiffs contend that Trainor avers injury in that he is personally subjected to liability as a result of defendants' alleged acts of forging his signature to certain releases and that individual Plaintiffs Kessler and Kadis are parties to the contract which is a substantial part of the instant litigation. *See* Document 8 of the Record at 5, ¶ 2. In addition, plaintiffs argue that the individual plaintiffs are officers and directors of the corporate plaintiff and are exposed to both direct and indirect liability as a consequence of defendants' actions. *See* Document 11 of the Record.

Plaintiffs do not quarrel with the legal precept that where a RICO violation injures only a corporation, a shareholder or employee of the corporation does not thereby obtain the right to sue under RICO. *See Warren v. Manufacturers Nat'l Bank*, 759 F.2d 542 (6th Cir.1985). Plaintiffs, however, maintain that a stockholder may pursue an action in his own right against the third party even though the corporation may also have a cause of action for the same wrong when the injury to the individual results from a violation of some special duty owed to the shareholder if that special duty has its origins in circumstances independent of the stockholder's status as a

---

**5.** In *United States v. Local 560*, 780 F.2d 267 (3d Cir.1985), *cert. denied*, — U.S. —, 106 S.Ct. 2247, 90 L.Ed.2d 693 (1986), the court noted that under RICO an individual need not himself commit two (2) predicate acts as long as that individual aids or abets the commission of the predicate offenses. As this court found in *Citizens Savings*, plaintiff must establish that each defendant was somehow involved in the commission of the predicate acts.

stockholder. *See* Document 9 of the Record at 17–18. Plaintiffs aver that they do not assert their RICO claims merely as shareholders of Pocono but that, as parties to the contracts with Defendant Cost, they have a status independent of their status as shareholders and can show injury apart from their injury as shareholders. *Id.* at 18.

Any person injured in his business or property by reason of a violation of § 1962 may bring a RICO action. *See* 18 U.S.C. § 1964(c). As stated, plaintiffs concede that they do not have standing under RICO simply as a shareholder of the injured corporation. *See Klapper v. Commonwealth Realty Trust,* 657 F.Supp. 948 (D.C.Del. 1987). Accordingly, the court must determine whether plaintiffs' allegations that they suffered an injury separate and apart from their standing as shareholders in Pocono are sufficient for purposes of the present motion.

■■■ The introductory allegations of the complaint identify the individual plaintiffs as officers and/or shareholders of Pocono. *See* Document 1 of the Record at 1. In their prayer for relief under the RICO count plaintiffs allege:

> As a result of the activities engaged in by the individual Defendants and the corporate Defendant controlled and operated by them, Plaintiffs have suffered damages and have been injured in their property and business in the following particulars:
>
> a) Plaintiffs may be put in breach of their Agreements as a result of the racketeering acts of all Defendants as hereinabove alleged, which breach could result in a loss of all monetary benefits of such Agreements as cited herein, and a loss of their utility companies and lots;
>
> b) Plaintiffs have, by the racketeering activities of all Defendants, been wrongfully exposed to liabilities, including, but not limited to, defrauded interstate vendors, A Pocono Country Place Property Owner's Association, and State, County and Municipal taxing authorities.

*See* Document 1 of the Record at 20–21, ¶ 57. The court believes this to be a close question even with the liberal standard applied to pleadings and the stringent requirements for granting a motion to dismiss. For purposes of this motion, however, the court finds that plaintiffs' allegations sufficiently allege damages apart from those resulting from injury to Pocono. *See Terre Du Lac Assoc., Inc. v. Terre Du Lac., Inc.,* 772 F.2d 467, 472–73 (8th Cir. 1985), *cert. denied,* 475 U.S. 1082, 106 S.Ct. 1460, 89 L.Ed.2d 718 (1986) (citing *Sedima, S.P.R.L. v. Imrex Co., supra* ).

Concededly, it seems in this case that any injury alleged was to Pocono and that the individual plaintiffs are seeking recovery merely for the decrease in value of Pocono as a result of the alleged illegal conduct. *See Rand v. Anaconda–Ericsson, Inc.,* 794 F.2d 843, 849 (2nd Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 579, 93 L.Ed.2d 582 (1986). While it appears to the court that plaintiffs' allegations merely mirror what has really been suffered by Pocono, the court will not dismiss the individual plaintiffs until further discovery has been conducted at which time defendants may file a dispositive motion. *See Gallagher v. Canon U.S.A., Inc.,* 588 F.Supp. 108, 110–11 (N.D.Ill.1984) (at the very least defendant must redraft the amended counterclaim to allege only wrongs actionable by direct rather than derivative action; before any such redraft is submitted, defendant is directed to determine whether gravamen of the pleadings alleges injury to defendant upon an individual claim as distinguished from an injury which affects the shareholders as a whole). In *Gallagher,* the court recognized that it was defendant's second chance and that it was incumbent upon defendant to articulate a less amorphous cause of action. *Id.* at 111 n. 4. Similarly, in this case, if the individual plaintiffs are unable to more sufficiently aver and establish injury separate and apart from their status as shareholders or employees of Pocono, there would appear to be no reason for their proceeding with this action.

## V.

Defendants seeks dismissal of Counts II, IV and V against the three (3) individual

plaintiffs. *See* Document 5 of the Record at 50–52. Plaintiffs have not briefed the issue of the individual plaintiffs' standing to bring the state law claims set forth in Counts II, IV and V and, indeed, defendants treat the issue in a cursory manner.

Counts II, IV and V are based, in large part, on an Agreement entered into between Cost Control and Pocono. Individual plaintiffs are signatories to this Agreement. Document 1 of the Record, Exhibit A at 37. The court believes that this issue requires further factual and legal development. The extent to which the individual plaintiffs suffered compensable injury is unclear. Again, upon further discovery, this issue may be reexamined upon appropriate motion.

### VI.

Defendants have not briefed their motion to strike Count II of the complaint as requesting improper damages and, therefore, this motion will not be addressed. Moreover, for the reasons already set forth, the state law averments, Counts II, IV and V will not be dismissed by reason of the pending state action.

### VII.

Finally, defendants seek to strike all allegations relating to A Pocono Country Place Property Owners Association, Inc. In support, defendants maintain that references to A Pocono County Place Property Owners Association, Inc. are scandalous, impertinent and irrelevant to this proceeding. Defendants have not specified which paragraphs of the complaint it seeks to have stricken.

The essence of plaintiffs' claim for damages is that A Pocono Country Place Property Owners Association, Inc. (Association) may have a potential viable claim against Plaintiff Pocono, which potential liability of Pocono is claimed as damages against defendants. As such, inclusion of averments concerning the Association are relevant to a determination of damages should that issue be reached.

In any event, defendants have failed to specify which paragraphs they seek stricken and the court is unwilling to cull through the complaint and determine which paragraphs should be stricken. Accordingly, defendants' motion to strike the allegations will be denied.

In sum, the court will grant defendants' motion to dismiss Count III of the complaint inasmuch as plaintiffs will not pursue this count. Defendants' motion to dismiss the entire complaint by reason of the pendency of a pending state action will be denied. Moreover, defendants' motion to dismiss the state law claims will be denied inasmuch as the court has found that plaintiffs have alleged a sufficient RICO claim. As to the RICO claim, the court finds that the complaint sufficiently alleges the racketeering activities in which defendants were purportedly engaged and a sufficient pattern of racketeering activity has been averred. The existence of an enterprise has been adequately plead and pursuant to § 1962(a) Defendant Cost Control is a proper defendant in that it is alleged that it participated in and benefitted from the alleged wrongful activity. While a special RICO injury is not required, the court questions the standing of the three (3) individual plaintiffs to bring this RICO action, but will allow the action to proceed at this time. It appears from the averments of the complaint and supporting documentation that the injury consists of the diminution in value or lost money of Plaintiff Pocono. Similarly, plaintiffs are advised that as discovery progresses, they must demonstrate that each named defendant committed at least two predicate acts to be held liable pursuant to the RICO statute. While sufficiently plead for purposes of this motion, plaintiffs bear the burden of establishing that the defendants committed the acts alleged. Finally, the court will deny defendants' request to strike allegations relating to A Pocono Country Place Property Owners Association, Inc..

An appropriate Order will enter.

### ORDER

NOW, this 29th day of May, 1987, in accordance with the reasoning set forth in

the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

(1) Defendants' Motion to Dismiss Count III of the Complaint is granted.

(2) Plaintiffs' cause of action pursuant to the Interstate Land Sales Full Disclosure Act is dismissed.

(3) Defendants' Motion to Dismiss based on the pendency of a pending state action is denied.

(4) Defendants' Motion to Dismiss the RICO count of the complaint is denied.

(5) Defendants' Motion to Dismiss the state law claims for lack of subject matter jurisdiction is denied.

(6) Defendants' Motion to Dismiss the individual plaintiffs as party plaintiffs is denied.

(7) Defendants' Motion to Strike any references to A Pocono Country Place Owners Association, Inc. is denied.