NEW BECKLEY MINING CORPO-
RATION, Plaintiff–Appellant,

v.

INTERNATIONAL UNION, UNITED
MINE WORKERS OF AMERICA; Joe
Carter; Ken Peterson; Virgil Pyatt;
Larry Flint; Harvey Stover; Robert
Burdette; Paul Daniels; George "Tex"
Bailey; Herman Stanley; Ronnie
Scarbro; Robert "Buck" Tyree; Ken
Toler; Roger McKinney; John Does,
Defendants–Appellees.

No. 90–1103.

United States Court of Appeals,
Fourth Circuit.

Argued March 6, 1991.

Decided Oct. 16, 1991.

Mark Anthony Carter, Smith, Heenan &
Althen, Charleston, W.Va., argued (Forrest
H. Roles, on brief), for plaintiff-appellant.

John Robert Mooney, Beins, Axelrod, Os-
borne & Mooney, P.C., Washington, D.C.,
argued (Richard W. Gibson, Beins, Axelrod,
Osborne & Mooney, P.C., Earl V. Brown,
Jr., George N. Davies, United Mine Work-
ers of America, Washington, D.C., and
James M. Haviland, McIntyre, Haviland &
Jordan, Charleston, W.Va., on brief), for
defendants-appellees.

Before SPROUSE, Circuit Judge, and
BUTZNER, Senior Circuit Judge, and
DUPREE, Senior District Judge for the
Eastern District of North Carolina, sitting
by designation.

OPINION

BUTZNER, Senior Circuit Judge:

New Beckley Mining Corporation sued
the United Mine Workers of America

(UMWA) for injunctive relief in West Virginia state court charging violations of West Virginia laws, and it later filed a suit against the union in federal district court alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–68 and West Virginia law. Relying on *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), the district court ruled that because of the state suit it should abstain from hearing the federal action and dismissed the case. We reverse primarily because the issues in the state suit differ significantly from those in the federal action.

## I

New Beckley, a coal mining company located in West Virginia, employed miners represented by the UMWA. Soon after the UMWA instituted a selective strike against New Beckley, the mining company sought an injunction in the Circuit Court of Raleigh County, West Virginia. Upon joint motion of the parties, the court granted a temporary injunction designed to limit violence and harassment by both sides. *New Beckley Mining Corp. v. Int'l Union, UMWA*, Civ. No. 89–C–215 (Mar. 28, 1989). The court subsequently conducted additional hearings and amended the injunction.

New Beckley sued the UMWA in the United States District Court for the Southern District of West Virginia, alleging violations of RICO and West Virginia law governing interference with business relations and malicious destruction of property. New Beckley's federal complaint enumerated instances of strike-related violence and destruction of property as predicate acts and sought damages for injuries New Beckley allegedly sustained as a result. In view of the pending litigation in the state court, the UMWA moved to dismiss the RICO action, asserting that the federal court should abstain.

After finding that the state and federal proceedings were substantially similar, the district court evaluated both actions in light of *Colorado River*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483, and *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). The district court decided that the state and federal proceedings were parallel because both "arose from and relate to" the selective strike, both "seek to curb and eliminate unlawful violence," and "both ... concern violations of West Virginia law." *New Beckley Mining Corp. v. Int'l Union, UMWA*, Civ. No. 5:89–1542, slip op. at 2 (S.D.W.Va. Aug. 24, 1990). The court then considered the factors mentioned in *Colorado River* and *Moses H. Cone*, and concluded that it should surrender jurisdiction in favor of the state proceedings.

## II

■ A district court has a duty to adjudicate a controversy properly before it: "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River*, 424 U.S. at 813, 96 S.Ct. at 1244. The Court, however, has recognized that under exceptional circumstances a district court may abstain "for reasons of wise judicial administration." 424 U.S. at 817–18, 96 S.Ct. at 1246. When a litigant urges abstention on the ground that concurrent federal and state suits present exceptional circumstances, the district court must first determine whether the state and federal proceedings are parallel. Suits are parallel if substantially the same parties litigate substantially the same issues in different forums. *LaDuke v. Burlington N. R.R.*, 879 F.2d 1556, 1559 (7th Cir.1989). Because federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them," *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246, the existence of proceedings in state court does not by itself preclude parallel proceedings in federal court. 424 U.S. at 818, 96 S.Ct. at 1246–47. The court must consider factors identified in *Colorado River* and *Moses H. Cone* to establish whether "exceptional circumstances" exist. The factors to be considered include the following: (a) the assumption by either court of jurisdiction over property; (b) the inconvenience of the

federal forum; (c) the desire to avoid piecemeal litigation; (d) the order in which the courts obtained jurisdiction; and (e) the source of applicable law. *Moses H. Cone,* 460 U.S. at 15–16, 23, 103 S.Ct. at 936–37, 941; *Colorado River,* 424 U.S. at 818, 96 S.Ct. at 1246–47. The Supreme Court has cautioned that "the decision whether to dismiss a federal action because of parallel statecourt litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone,* 460 U.S. at 16, 103 S.Ct. at 937.

■ We have emphasized that "[o]nly in the most extraordinary circumstances ... may federal courts abstain from exercising jurisdiction in order to avoid piecemeal litigation." *Gordon v. Luksch,* 887 F.2d 496, 497 (4th Cir.1989). Similarly, other circuits have reversed district courts that failed to accord sufficient weight "to the heavy presumption favoring the exercise of jurisdiction." *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts,* 915 F.2d 7, 13 (1st Cir. 1990); *see also American Bankers Ins. Co. v. First State Ins. Co.,* 891 F.2d 882, 885 (11th Cir.1990); *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.,* 800 F.2d 325, 327 (2d Cir.1986).

### III

■ We review the district court's decision to surrender jurisdiction for abuse of discretion. The district court must nevertheless exercise its discretion in accordance with the *Colorado River* "exceptional circumstances test." *Moses H. Cone,* 460 U.S. at 19, 103 S.Ct. at 938.

■ The parties in both actions are virtually identical, but the issues raised and remedies sought are not. New Beckley seeks compensation in federal court and equitable relief in state court. A difference in remedies is a factor counseling denial of a motion to abstain. *See A Pocono Country Place, Inc. v. Peterson,* 675 F.Supp. 968, 972 (M.D.Pa.1987). The difference in remedies becomes more pronounced when one suit requires a jury and the other does not, and pleadings would require substantial amendment if the district court abstained. The order in which the courts obtained jurisdiction matters little, since New Beckley filed the suits in March and December of the same year.

Although both actions allege the UMWA's responsibility for specific violent incidents associated with the selective strike, some factual overlap does not dictate that proceedings are parallel: "[T]he *Colorado River* doctrine does not give federal courts *carte blanche* to decline to hear cases within their jurisdiction merely because issues or factual disputes in those cases may be addressed in past or pending proceedings before state tribunals." *United States v. SCM Corp.,* 615 F.Supp. 411, 417 (D.Md.1985).

While both suits involve alleged violations of West Virginia criminal law, the federal action alleges predicate acts that violate the criminal laws of Kentucky and Virginia as well. The source of law factor militates in favor of retention of jurisdiction, since federal law provides the rule of decision on the merits of the RICO claim. *See Moses H. Cone,* 460 U.S. at 23–26, 103 S.Ct. at 941–42. The district court accorded significant weight to the fact that state and federal courts have concurrent jurisdiction over civil RICO claims. *See Tafflin v. Levitt,* 493 U.S. 455, 466–67, 110 S.Ct. 792, 799, 107 L.Ed.2d 887 (1990). While concurrent subject matter jurisdiction renders the source of law factor less important, *see Moses H. Cone,* 460 U.S. at 25, 103 S.Ct. at 941–42, it does not mandate that the district court surrender jurisdiction. *See A Pocono Country Place, Inc.,* 675 F.Supp. at 972.

Because the issues in the two cases differ, and consequently the sources of law differ, the UMWA has not shown exceptional circumstances justifying abstention from the exercise of federal jurisdiction. The judgment of the district court is reversed, and the case is remanded for further proceedings consistent with this opinion.

SPROUSE, Circuit Judge, dissenting:

I respectfully dissent. In my view, the state and federal actions involved in this appeal are substantially parallel, and I would hold that the district court in abstaining did not abuse its discretion.