**eds ADJUSTERS, INC., Edward D. Szyszko, Jr.**

v.

**COMPUTER SCIENCES CORPORATION.**

Civ. A. No. 92–7099.

United States District Court, E.D. Pennsylvania.

April 14, 1993.

Stewart L. Cohen, Richard G. Freeman, Kessler and Cohen, Philadelphia, PA, for plaintiffs.

Barbara A. Brown, Stephen J. Harmelin, Thomas S. Biemer, J. Shane Creamer, Dilworth, Paxson, Kalish & Kauffman, Philadelphia, PA, for defendant.

## MEMORANDUM

JOYNER, District Judge.

Presently before the court is defendant Computer Sciences Corporation's ("CSC") motion to dismiss plaintiffs eds Adjusters, Inc. ("EDS") and Edward Szyszko's complaint or, in the alternative, for a more definite statement of Count I. Jurisdiction is premised upon diversity of citizenship. 28 U.S.C. § 1332.

CSC is engaged in the business of computer software design and development and uses this technology in the administration and servicing of insurance policies for both private and public clients. It entered into a contract with the State of New Jersey to manage an insurance program for assigned risk drivers known as the Joint Underwriting Association ("JUA"). CSC provided automobile insurance services to the JUA for assigned risk drivers from 1989 to 1991. In 1991, the Market Transition Facility ("MTF") succeeded the JUA in this role. CSC in turn retained EDS, among other companies, to perform certain actual adjustments of claims made under the JUA and, later, MTF programs. Edward Szyszko was the president, chief executive officer and principal investor of EDS.

In brief, defendant's motion avers that Szyszko, as an individual, does not have standing to bring Counts II and III because he is improperly attempting to bring a claim for damages stemming from harm done to the corporation. Defendant contends that these claims can only be brought derivatively. As to Count I, defendant argues that insofar as it seeks damages for breach of an oral agreement, it is barred by the doctrine of merger or, in the alternative, it is ambiguous and plaintiffs must file a more definite statement pursuant to Fed.R.Civ.P. 12(e). The court will address these issues in the order presented by the parties.

A court may grant a motion to dismiss in accordance with Fed.R.Civ.P. 12(b)(6) if it appears beyond a doubt that the plaintiff can prove no facts to support the relief requested. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Pennsylvania, ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 179 (3d Cir.1988). In deciding a motion to dismiss, the court must accept as true all well plead factual allegations of the non-moving party, and must view all inferences in the light most favorable to that party. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50, 109 S.Ct. 2893, 2905–06, 106 L.Ed.2d 195 (1989); *Rocks v. Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989).

■ It is well established that a shareholder, director, officer or employee does not have standing as an individual to bring an action against third parties for damages that are derivative of harm to the corporation. *Temp–Way Corp. v. Continental Bank*, 139 B.R. 299, 316–17, *aff'd*, 981 F.2d 1248 (3d Cir.1992); *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 787 F.Supp. 471, 474 (E.D.Pa.1992); *Carol Cable Co. v. Koffler*, 1989 WL 107130 (E.D.Pa.1989); *Nagle v. Commercial Credit Business Loans, Inc.*, 102 F.R.D. 27, 30 (E.D.Pa.1983). However, several exceptions to this general rule have developed, two of which are relevant to the case *sub judice*. First, an individual shareholder or officer may bring an action directly against a third party where he has pled an injury separate and distinct from that incurred by the corporation. *Temp–Way Corp.*, 139 B.R. at 317; *Jordan*, 787 F.Supp. at 474–75; *A Pocono Country Place, Inc. v. Peterson*, 675 F.Supp. 968, 976 (M.D.Pa. 1987); *Com'l Credit Business Loans, Inc. v. Martin*, 590 F.Supp. 328, 332 (E.D.Pa.1984). Second, an individual may bring a direct claim against the wrongdoer where there is a special duty, such as a contractual duty, between the wrongdoer and the individual. *Temp–Way Corp.*, 139 B.R. at 317; *A Pocono Country Place*, 675 F.Supp. at 975–76; *Carol Cable*, 1989 WL 107130, *1.

■ In this case, Count II sets forth allegations which appear to allege an intentional tort committed by certain agents of CSC against Szyszko individually. The resulting

harm, Szyzsko contends, is an injury separate and distinct from the harm inflicted upon the corporation. However, the damages enumerated in paragraphs 17 and 19 of the complaint purportedly resulting from this intentional tort are injuries sustained primarily by the corporation. Szyzsko claims that he was personally injured because the defendant's conduct necessitated that he fund EDS with his own money and, as a result, his personal financial stability was jeopardized. Such allegations do not constitute the required separate and distinct injury. *Temp–Way Corp.*, 139 B.R. at 317 (guarantors on note executed to corporation do not have personal cause of action independent of harm suffered by corporation); *Bohm v. Commerce Union Bank*, 794 F.Supp. 158, 161 (W.D.Pa. 1992) (guarantor of loan to corporation has no standing to sue wrongdoer directly); *Jordan*, 787 F.Supp. at 474 (officers of corporation who contributed resources and effort to vindicate corporation's rights could not bring direct action for loss of those funds). Szyzsko's additional financial injuries stemming from funding EDS with his own monies such as the imposition of a tax lien against him and being threatened with losing his home and his car are only derivative of the primary injuries sustained by the corporation. Szyzsko can look only to the corporation for restitution for these losses. *See Jordan* 787 F.Supp. at 474 n. 3. Thus, although Szyzsko alleges a course of conduct which was intentionally aimed directly at him personally rather than at the corporation, he has not delineated an injury separate and distinct from that incurred by the corporation as a result of this alleged tortious conduct.

■ However, Count II also sets forth a claim for breach of the contract between CSC and EDS. Modification 1 to the Operating Agreement between CSC and EDS specifically involves Szyzsko individually as a party to that contract. The provision provides:

This agreement contemplates the availability and participation of EDS Adjusters, Inc. representative, Ed Szyzsko, for primary direction and coordination of services performed hereunder. In the event said representative is no longer available or otherwise constrained in full or substantial part from participation hereunder, this agreement at CSC's sole discretion may be terminated upon thirty (30) days written notice to EDS Adjusters, Inc.

*See* Complaint ¶ 15 and Exhibit A. As stated above, a special duty may arise where the individual is a party to the contract which is the subject of the dispute. *Temp–Way Corp.*, 139 B.R. at 317; *A Pocono Country Place*, 675 F.Supp. at 975–76. Although, as stated in *A Pocono Country Place*, "it appears to the court that [the individual's] allegations merely mirror what has really been suffered by [the corporation]," 675 F.Supp. at 976, Szyzsko has established that as a party to the contract itself, a special relationship existed between himself and CSC. Accordingly, Count II of the complaint will not be dismissed.

Similarly, CSC moves to dismiss Count III of the complaint in which Szyzsko seeks punitive damages on the grounds that as an individual shareholder, director and officer, he does not have standing to bring such a claim. Alternatively, CSC contends that punitive damages are not recoverable in a breach of contract action.

■ Under Pennsylvania law, punitive damages are recoverable as a remedy for malicious, wanton, willful or oppressive tortious conduct. *Elliott v. State Farm Mut. Auto Ins. Co.*, 786 F.Supp. 487, 491 (E.D.Pa. 1992); *Rizzo v. Haines*, 520 Pa. 484, 555 A.2d 58 (1989). However, punitive damages are not recoverable in a breach of contract action. *Tudor Dev. Group v. U.S. Fidelity & Guaranty Co.*, 692 F.Supp. 461, 466 (M.D.Pa. 1988). Because we find that Szyzsko does not have standing to bring a claim sounding in tort, his claim for punitive damages under that theory must be dismissed. *White v. Moses Taylor Hosp.*, 763 F.Supp. 776, 792–93 (M.D.Pa.1991) (where initial cause of action is dismissed, punitive damages incident to that claim must be dismissed as well). Under Szyzsko's remaining contract theory, Pennsylvania does not recognize the remedy of punitive damages. Thus, Count III must be dismissed in its entirety.

Lastly, as to Count I of the complaint in which EDS alleges a breach of contract by

CSC, we agree with defendant that the allegations are ambiguous. In their responses to this motion, plaintiffs contend that this count clearly states that the terms of the oral agreement and the written agreements were the same and the only point of contention is that CSC did not provide EDS with a minimum of twenty-five new files per week as required by these agreements. However, the complaint seems to allege that all of the terms of the oral agreement were not in fact included in the written agreements and that there is an additional issue of whether EDS was required to handle casualty files as well. Because of this ambiguity, we direct plaintiff to clarify Count I by filing a more definite statement.

### ORDER

AND NOW, this 14th day of April, 1993 upon consideration of Defendant's Motion to Dismiss and/or for a More Definite Statement of Count I and the responses thereto, it is hereby ORDERED that:

1. As to Count II, Defendant's motion is GRANTED in part. Plaintiff has standing to proceed only under a breach of contract theory.

2. As to Count III, Defendant's motion is GRANTED and Plaintiffs' claim for punitive damages is dismissed.

3. As to Count I, Plaintiff is directed to file a more definite statement pursuant to Fed.R.Civ.P. 12(e).