**Berry v. Van Why**

C.P. of Monroe County, no. 7124 Civil 1999.

*Joseph P. Hanyon,* for plaintiff.
*George W. Westervelt,* for defendant.

CHESLOCK, *J.,* January 14, 2000—Plaintiff commenced this action by filing a complaint on September 23, 1999. On October 27, 1999, defendant filed an answer, new matter and counterclaim to said complaint. Plaintiff filed preliminary objections to defendant's counterclaim on November 15, 1999 and a memorandum of law in support thereof on December 27, 1999. On January 3, 2000, defendant filed a brief in opposition to the preliminary objections. Oral argument was heard before this court on January 3, 2000. We are now ready to dispose of plaintiff's preliminary objections.

Initially, we must set forth the particular facts of this case. On June 1, 1998, plaintiff, Arthur Berry III, and Pocono Entertainment Company Inc. entered into a com-

mercial lease agreement with an option to purchase.[1] Defendant, Joseph Van Why, is a shareholder of the corporation. In conjunction with the lease, defendant executed an agreement of unconditional guaranty. Under the guaranty, defendant agreed to be personally liable for the corporation's indebtedness under the lease.

In late 1999, the corporation defaulted on its rental payments.[2] On April 12, 1999, plaintiff filed a confession of judgment against the corporation for approximately $48,300.[3] During the corporation's appeals process,[4] it filed for Chapter 7 bankruptcy. Thereafter, plaintiff instituted the instant action against defendant pursuant to the guaranty.

Defendant's counterclaim alleges that plaintiff tortiously interfered with the corporation's contractual and business relations. Prior to the filing of the confession of

---

1. Plaintiff was the lessor and corporation was the lessee.

2. The parties stipulated that the November 1998 payment due by the defendant to the plaintiff was never paid. See *Arthur Berry III v. Pocono Entertainment Co. Inc.,* no. 2900 Civil 1999 (C.C.P. Monroe, filed July 21, 1999).

3. See *Arthur Berry III v. Pocono Entertainment Co. Inc.,* no. 2900 Civil 1999 (C.C.P. Monroe, filed April 12, 1999).

4. On April 27, 1999, Pocono Entertainment Co. Inc. filed a petition to open the confession of judgment. This court denied said motion. Pocono Entertainment Co. Inc. then filed a motion to reconsider. This court denied said motion after a full hearing on the merits. On June 24, 1999, Pocono Entertainment Co. Inc. filed a notice of appeal with the Monroe County Court of Common Pleas and the Pennsylvania Superior Court. Plaintiff filed a motion to quash said appeal. On September 2, 1999, the Pennsylvania Superior Court issued an order dismissing said appeal without prejudice due to the bankruptcy proceedings and denying plaintiff's motion to quash as moot. See *Arthur Berry III v. Pocono Entertainment Co. Inc.,* no. 2900 Civil 1999 (C.C.P. Monroe, filed October 7, 1999).

judgment, the corporation had entered into an agreement to sell the commercial real estate, subject of the lease, to a third party, Leonard Tagliavia, for $500,000. The corporation's option purchase price under the lease was $375,000. Thus, the corporation would have gained a profit of $125,000 if the corporation/Tagliavia agreement had been executed. Defendant alleges that plaintiff knew of the corporation/Tagliavia agreement and filed the confession of judgment with the sole purpose of regaining possession of the property in order to sell said property to Tagliavia and receive the $125,000 profit.[5] Plaintiff sold the real estate to Tagliavia.[6]

Plaintiff raises the following preliminary objections to defendant's counterclaim: (1) a preliminary objection in the nature of a demurrer to defendant's counterclaim; (2) a preliminary objection in the nature of a demurrer to defendant's demand of attorney's fees and punitive damages; (3) a motion to strike the complaint for lack of conformity to 42 Pa.C.S. §25039; and (4) a motion to strike for lack of conformity to Pennsylvania Rule of Civil Procedure 1028(2). We will discuss each objection in turn.

---

5. In his brief, defendant continues to argue that plaintiff was not entitled to enter a confession of judgment against Pocono Entertainment Co. Inc. and that the confession of judgment is invalid. After a hearing on May 25, 1999 and a reconsideration hearing held on June 22, 1999, this court held that the confession of judgment is valid. Defendant is rearguing issues which have already been litigated before this court. These arguments will not be addressed yet again by this court. Defendant has the opportunity to make these arguments to the Superior Court of Pennsylvania.

6. See deed recorded at the Monroe County Recorder of Deeds office, record book volume 2072, page 0362, dated November 19, 1999.

Plaintiff's first preliminary objection is in the nature of a demurrer to the counterclaim. "[A] demurrer is a preliminary objection that the pleadings fail to set forth a cause of action upon which relief can be granted *under any theory of law.*" *Sutton v. Miller,* 405 Pa. Super. 213, 221, 592 A.2d 83, 87 (1991). (emphasis in original) It will not be sustained unless the law says with certainty that no recovery is possible. *Hull v. Rose, Schmidt, Hasley & DiSalle P.C.,* 700 A.2d 996, 998 (Pa. Super. 1997). All material facts set forth in the complaint, as well as inferences reasonably deducible therefrom, are admitted as true. *Webb Manufacturing Co. v. Sinoff,* 449 Pa. Super. 534, 674 A.2d 723 (1996); *Clifton v. Suburban Cable TV Co. Inc.,* 434 Pa. Super. 139, 142, 642 A.2d 512, 514 (1994). However, the court need not accept as true conclusions of law, unwarranted inferences from the facts, argumentative allegations, or expressions of opinion. *Penn Title Insurance Co. v. Deshler,* 661 A.2d 461 (Pa. Commw. 1995), *allocatur denied,* 543 Pa. 699, 670 A.2d 145 (1995). In addition, a demurrer can only be granted in cases that are clear and free from doubt, and any doubt must be resolved against the non-moving party. *Mellon Bank N.A. v. Fabinyi,* 437 Pa. Super. 559, 650 A.2d 895 (1994).

Plaintiff contends that defendant does not have standing to bring an individual suit against the plaintiff and therefore, the counterclaim must be dismissed. Thus, we must address whether defendant, a shareholder of the corporation, has standing to sue the plaintiff for tortious interference with the corporation/Tagliavia agreement.

A corporation is "distinct and separate from the individual shareholders. It has a real existence with rights

and liabilities as a separate legal entity." *U.S. v. Sain,* 141 F.3d 463, 474 (3d Cir. 1998), *cert. denied,* 119 U.S. 190. This is true even if a single individual owns and controls all of the corporation's stock. *Id.* at 474. Thus, a shareholder, director, officer or employee does not have standing as an individual to bring an action against third parties for damages that are derivative of harm to the corporation. *Adjusters Inc. v. Computer Sciences Corp.,* 818 F. Supp. 120, 121 (E.D. Pa. 1993); see also, *Tyler v. O'Neill,* 994 F. Supp. 603, 609 (E.D. Pa. 1998). However, there two exceptions to the general rule. First, a cause of action arises and belongs to an individual shareholder where he or she has pled an injury separate and distinct from that suffered by the corporation. *Temp-Way Corp. v. Continental Bank,* 139 B.R. 299, 316-17, *aff'd,* 981 F.2d 1248 (3d Cir. 1992). Second, an individual shareholder may bring a direct claim against the wrongdoer where there is a special duty, such as a contractual duty between the wrongdoer and the individual shareholder. *Adjusters Inc.,* 818 F. Supp. at 121; *Temp-Way Corp.,* 139 B.R. at 317. The general test for determining whether an action asserts a direct or derivative claim is:

"If the injury is one to the plaintiff as a stockholder and to him individually, and not to the corporation, as where the action is based on a contract to which he is a party, or a right belonging severally to him, or on a fraud affecting him directly, it is an individual action. On the other hand, if the wrong is primarily against the corporation, the redress for it must be sought by the corporation, except where a derivative action by a stockholder is allowable, and a stockholder cannot sue as an individual. The action is derivative, *i.e.,* in the corporate right,

if the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property without any severance or distribution among individual holders, or if it seeks to recover assets for the corporation or to prevent the dissipation of its assets." *Tyler,* 994 F. Supp. at 609-610.

In this case, defendant alleges that he lost $125,000, the amount that would have accrued to him as a shareholder of the corporation. Furthermore, defendant alleges that as a shareholder, he was forced to pay legal fees, costs and expenses to defend plaintiff's confession of judgment suit. Defendant contends that these harms are injuries separate and distinct from the harm inflicted upon the corporation.

Upon consideration of plaintiff's preliminary objections, the parties' briefs, and oral argument heard thereon, we conclude that defendant has no standing as an individual to bring suit against the plaintiff. The damages alleged by the defendant are injuries sustained primarily by the corporation. Defendant was not a party to the lease. Furthermore, defendant was not a party to the corporation/Tagliavia agreement.[7] Thus, if the corporation/Tagliavia agreement was executed, the corporation would realize the $125,000 profit, not defendant. Defendant would have received his "share" of said profit directly from the corporation, rather than directly from the plaintiff. Clearly, defendant's financial losses are derivative of the harm suffered by the corporation.

---

7. Throughout defendant's counterclaim, said sales agreement was consistently referred to as the "Pocono Entertainment/Tagliavia contract."

In suits based on the diminution in value of corporate shares or profits resulting in the impairment of corporate assets, it has been consistently held that the primary wrong is to the corporate body. *Kauffman v. Dreyfus Fund Inc.,* 434 F.2d 727, 732 (3d Cir. 1970). Accordingly, the shareholder, experiencing no direct harm, possesses no primary right to sue. *Id.;* see also, *John L. Motley Associates Inc. v. Rumbaugh,* 104 B.R. 683 (E.D. Pa. 1989), *reconsideration denied,* 1990 WL 59186 (holding that diminution in value of shares as a result of injury to corporation is not sufficient ground for shareholder to sue in his own right unless shareholder has suffered injury distinct from corporation's injury).

Defendant further contends that the guaranty, which plaintiff required defendant to sign, created a relationship between plaintiff and defendant separate and distinct from plaintiff's relationship with the corporation. This contention fails. Defendant's status as a guarantor does not confer upon him an individual and personal cause of action against plaintiff. See *Temp-Way Corp.,* 139 B.R. at 317 (guarantors on note executed to corporation do not have personal cause of action independent of harm suffered by corporation); *Bohm v. Commerce Union Bank,* 794 F. Supp, 158, 161 (W.D. Pa. 1992) (guarantor of loan to corporation has no standing to sue wrongdoer directly); *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 787 F. Supp. 471, 474-75 (E.D. Pa. 1992), *modified on other grounds,* 20 F.3d 1250 (3d Cir. 1994) (officers of corporation who contributed resources and effort to vindicate corporation's rights could not bring direct action for loss of those funds).

We conclude that defendant has no standing to bring an independent suit against plaintiff because the defen-

dant's harm is derivative of the harm suffered by the corporation. Thus, defendant's counterclaim fails to set forth a cause of action upon which relief can be granted under any theory of law. Plaintiff's first demurrer is sustained and defendant's counterclaim is dismissed. Plaintiff's three remaining preliminary objections have been rendered moot due to defendant's lack of standing and will not be addressed.

Accordingly, we enter the following order:

### ORDER

And now, January 14, 2000, plaintiff's preliminary objection in the nature of a demurrer against defendant's counterclaim is hereby sustained. Defendant's counterclaim against plaintiff is hereby dismissed. Plaintiff's remaining preliminary objections are hereby dismissed as moot.