**NEW BECKLEY MINING CORPO-RATION, Plaintiff–Appellant,**

v.

**INTERNATIONAL UNION, UNITED MINE WORKERS OF AMERICA; Joe Carter; Ken Peterson; Virgil Pyatt; Larry Flint; Harvey Stover; Robert Burdette; Paul Daniels; George "Tex" Bailey; Herman Stanley; Ronnie Scarbro; Robert "Buck" Tyree; Ken Toler; Roger McKinney; John Does, Defendants–Appellees,**

v.

**Donn A. CHICKERING; Quaker Coal Company, Incorporated; Billy E. Little; Earl Howell; Douglas Epling; Mahon Enterprises, Incorporated; Amon Mahon, Third Party Defendants.**

**NEW BECKLEY MINING CORPO-RATION, Plaintiff–Appellee,**

v.

**INTERNATIONAL UNION, UNITED MINE WORKERS OF AMERICA, Defendant–Appellant,**

**and**

**Joe Carter; Ken Peterson; Virgil Pyatt; Larry Flint; Harvey Stover; Robert Burdette; Paul Daniels; George "Tex" Bailey; Herman Stanley; Ronnie Scarbro; Robert "Buck" Tyree; Ken Toler; Roger McKinney; John Does, Defendants,**

v.

**Donn A. CHICKERING; Quaker Coal Company, Incorporated; Billy E. Little; Earl Howell; Douglas Epling; Mahon Enterprises, Incorporated; Amon Mahon, Third Party Defendants–Appellees.**

Nos. 93–1100, 93–1140.

United States Court of Appeals, Fourth Circuit.

Argued July 13, 1993.

Decided March 4, 1994.

**ARGUED:** Mark Anthony Carter, Smith, Heenan & Althen, Charleston, WV, for appellants New Beckley Mining, Quaker Coal, Chickering, Little, Howell and Epling; Shawn P. George, George, Ferguson & Lorensen, Charleston, WV, for appellants Mahon and Mahon Enterprises. John Robert Mooney, Beins, Axelrod, Osborne, Mooney & Green, P.C., Washington, DC, for appellees. **ON BRIEF:** Forrest H. Roles, Smith, Heenan & Althen, Charleston, WV, for appellants New Beckley Min., Quaker Coal, Chickering, Little, Howell and Epling. Richard W. Gibson, Beins, Axelrod, Osborne, Mooney & Green, P.C., Washington, DC; Robert H. Stropp, Jr., United Mine Workers of America, Washington, DC; George N. Davies, Longshore, Nakamura & Quinn, Birmingham, AL, for appellees.

Before ERVIN, Chief Judge, MURNAGHAN, Circuit Judge, and BUTZNER, Senior Circuit Judge.

## OPINION

BUTZNER, Senior Circuit Judge:

New Beckley Mining Corporation appeals the judgment of the district court dismissing its complaint against the International Union, United Mine Workers of America, and several individuals alleged to be members of the International. The complaint charged violations of the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968, and of state law. The International cross-appeals the dismissal of its counterclaim and its complaint against various third-party defendants for RICO violations. We affirm the judgments of dismissal.

I

After union members engaged in a selective strike, New Beckley filed suit in federal

district court against the International for violations RICO and of state tort laws. The district court initially dismissed the federal suit because New Beckley was seeking injunctive relief in state court. We reversed on the grounds that the two suits were sufficiently different to render abstention inappropriate. *New Beckley Mining Corp. v. International Union, United Mine Workers,* 946 F.2d 1072 (4th Cir.1991).

On remand, the district court determined that New Beckley had failed to state a claim upon which relief could be granted and dismissed the complaint. It also denied New Beckley's motion to amend its complaint. The district court subsequently dismissed the counterclaim and third-party complaint for failing to allege a cause of action under RICO and for lack of standing. Both parties appeal.

## II

We review *de novo* the dismissal of New Beckley's complaint. *Schatz v. Rosenberg,* 943 F.2d 485, 489 (4th Cir.1991).

New Beckley charged the International with violations of 18 U.S.C. §§ 1962(c) and (d). Section 1962(c) makes it unlawful for a person "employed by or associated with any enterprise ... to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity...." This proscription envisions the enterprise as "being different from, not the same as or part of, the person." *United States v. Computer Sciences Corp.,* 689 F.2d 1181, 1190 (4th Cir.1982). In *Busby v. Crown Supply, Inc.,* 896 F.2d 833 (4th Cir.1990) (en banc), we reaffirmed the necessity of distinction between the "person" and the "enterprise" in actions alleging a violation of § 1962(c). But, overruling *Computer Sciences* in part, we held that a violation of § 1962(a) did not require the "person" and the "enterprise" to be separate. 896 F.2d at 841.

■ The Act defines "person" and "enterprise" separately. " '[P]erson' includes any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3). New Beckley named as defen-

dants the International and certain of its members, known and unknown, alleging that they were the "persons" who violated § 1962(c). For the purpose of its case, New Beckley described the International as follows:

> The term "International" shall refer to the International Union, United Mine Workers of America, its officers, directors, employees, agents, subagents, and any other person or entity acting on the counsel, command, induction, procurement, instigation or direction of the International.

The Act defines "enterprise" as follows: " '[E]nterprise' includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). For the purpose of this case, New Beckley described the "enterprise" as follows:

> The International, in concert with District and Local Unions, operates under a written ordinance called the "Constitution of the International Union, United Mine Workers of America" (hereinafter "UMWA Constitution") and is part of an association known as the "United Mine Workers of America" (hereinafter "UMWA").

> Each constituent organization of the UMWA constitutes a separate legal entity responsible for areas specified by the UMWA Constitution to achieve the overall objectives of the association. This association of unincorporated associations constitutes an enterprise within the meaning of 18 U.S.C. Section 1961(4) and the International has participated in and has conducted the affairs of this UMWA enterprise.

It is quite apparent from these allegations that the "persons" described by New Beckley are not distinct from the "enterprise" that it described. Both the "person" and the "enterprise" are part and parcel of the International Union, United Mine Workers of America. The district court, applying the interpretation of the Act found in *Computer Sciences,* 689 F.2d at 1190, properly dismissed New Beckley's cause of action based on § 1962(c).

We cannot accept New Beckley's assertion that *Carbon Fuel Co. v. United Mine Workers*, 444 U.S. 212, 100 S.Ct. 410, 62 L.Ed.2d 394 (1979), requires reversal of the district court. *Carbon Fuel* held that section 301 of the Taft Hartley Act, 29 U.S.C. § 185(e), incorporated general agency principles. Consequently, in the absence of proof of authorization or ratification, the International was not liable for local unions' wildcat strikes. 444 U.S. at 216–17, 100 S.Ct. at 413–414. *Carbon Fuel*, in interpreting a labor relations statute, did not decide the relationship of the International, its districts, local unions, and members for the purpose of applying RICO provisions.

### III

■ New Beckley's attempt to correct this flaw by amending the description of the "enterprise" in its complaint was misguided. The proposed amendments read:

The International, in association with District and Local Unions, operates under a written ordinance called the "Constitution of the International Union, United Mine Workers of America" (hereinafter "UMA Constitution") and is associated with, while not a part of, an association of autonomous District labor organizations, Local labor organizations, and individuals acting on behalf of the Local and District labor organizations titled here as the "United Mine Workers of America" (hereinafter "UMWA").

Each constituent organization of the "UMWA" constitutes a separate legal entity responsible for areas specified by the UMWA Constitution to achieve overall objectives. This association of unincorporated associations consisting of all Districts and Local unions of the UMWA constitutes an enterprise within the meaning of 18 U.S.C. Section 1961(4) and the International has participated in and has conducted the affairs of this UMWA enterprise through a pattern of racketeering activity.

The district court determined that justice would not be served by allowing the amendment and denied the motion. In reaching this conclusion, the court found: "[T]he International Union, United Mine Workers of America ("International") and its District and Local organizations are inextricably linked by virtue of their numerous ties, not the least of which is the United Mine Workers of America Constitution."

We review the court's decision refusing New Beckley leave to amend its complaint for abuse of discretion. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). The proposed amendment would not have corrected the fundamental defect in the complaint, namely the lack of distinction between the International and its districts, locals, and members. A court may refuse to allow leave to amend pleadings when the proposed changes would be futile. *Foman*, 371 U.S. at 182, 83 S.Ct. at 230. The court did not abuse its discretion in denying New Beckley's motion to amend.

In addition, the court did not err in relying upon the UMW constitution to assess the relationship between the union and its districts and locals. New Beckley referred to the constitution in its complaint and its proposed amended complaint to justify its cause of action under 1962(c). Its disagreement over the court's analysis of the document affords little basis for the claim that consideration of the document was in error. *See Cortec Indus. v. Sum Holding, L.P.*, 949 F.2d 42, 47–48 (2d Cir.1991) (adoption by reference. Fed.R.Civ.P. 10(c)).

### IV

■ New Beckley also appeals the dismissal of its § 1962(d) charges, which alleged conspiracies to violate § 1962(c). Title 18 U.S.C. § 1962(d) prohibits any person from conspiring to violate § 1962(c). A conspiracy by nature involves an agreement between two or more entities. As we explained in *Computer Sciences*, "we would not take seriously, in the absence, at least, of very explicit statutory language, an assertion that a defendant could conspire with his right arm, which held, aimed and fired the fatal weapon." *Computer Sciences*, 689 F.2d at 1190. Inasmuch as the complaint alleged that the International, "its officers, directors, employees, agents, subagents, and any other person or entity acting on the counsel, command, induc-

tion, procurement, instigation or direction of the International" conspired with the districts and locals, the conspiracy counts cannot stand. The decision of the district court with respect to this issue is affirmed.

## V

We now turn to the International's cross-appeal which assigns error to the district court's dismissal of its counterclaim against New Beckley and its third-party complaint against Donn A. Chickering who, through his ownership of Quaker Coal Company, controlled New Beckley; Billy E. Little, Earl Howell, and Douglas Epling, officers of New Beckley and agents of Quaker Coal; and Mahon Enterprises and Amon Mahon, suppliers of nonunion labor to New Beckley.

The predecessor of New Beckley was the bankrupt Beckley Mining Co. The International alleged that New Beckley bought the assets of Beckley Mining Co. in the bankruptcy proceedings for $100. The International asserts that it facilitated this purchase by compromising claims that it and its members had against Beckley Mining Co. and by assisting New Beckley in obtaining more than $190,000 for training miners pursuant to the Federal Job Training Act of 1982, 29 U.S.C. § 1501 *et seq.* The International claimed that New Beckley's misapplication of the training funds damaged it and its members.

■ In support of its § 1962(c) and (d) claims, the International alleged that New Beckley and the third-party defendants participated in the affairs of the New Beckley and Quaker Coal enterprises through a pattern of racketeering. Because the defendant "persons" were not distinct from the alleged enterprises, the district court properly dismissed the § 1962(c) and (d) claims. *See Busby v. Crown Supply, Inc.,* 896 F.2d 833, 840 (4th Cir.1990); *Computer Sciences Corp.,* 689 F.2d at 1190.

## VI

Section 1962(a) prohibits a person who has received income derived from a pattern of racketeering activity from using the income in the operation of an enterprise engaged in commerce. Section 1962(d) makes it unlawful to conspire to violate § 1962(a).

In count II the International charged that the defendants—except Mahon and Epling— violated §§ 1962(a) and (d) by mailing fraudulent invoices to obtain federal training funds and then used the funds for the operation of New Beckley and Quaker instead of for training the International's members.

The International claimed that it suffered damage in its own right because it compromised its own claims, as well as those of its members, on the understanding that New Beckley would use the federal funds to train its members. The International claimed that its members were damaged because they were fraudulently deprived of training. The district court dismissed count II because the International lacked standing.

■ Title 18 U.S.C. § 1964(c) provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor" and recover treble damages. Such a civil action "require[s] a showing not only that the defendant's violation was a 'but for' cause of his injury, but was the proximate cause as well." *Holmes v. Securities Investor Protection Corp.,* —— U.S. ——, ——, 112 S.Ct. 1311, 1317, 117 L.Ed.2d 532 (1992). Here the allegedly fraudulent receipt and expenditure of the training funds did not proximately injure the International. Its damages, if any, were derived from the harm allegedly done to its members. It was the members of the International who were allegedly deprived of the training that Congress intended the funds to provide. But this does not settle the inquiry; the question remains: Can the International bring this cause of action on behalf of its defrauded members who are not parties to the International's counterclaim?

The district court applied the test prescribed in *Hunt v. Washington Apple Advertising Comm'n,* 432 U.S. 333, 343, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383 (1977):

[A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the orga-

nization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

The district court concluded that the International failed with respect to all three parts of this test. There is some question about the court's conclusion concerning the second part of the test. Certainly the International's interest in training its members, particularly with respect to mine safety, is germane to its purpose. The International can serve this interest by reporting abuse of the training program to the Secretary of Labor.

But there can be no doubt about the International's failure to meet the first and third parts of the test. As the district court observed, 29 U.S.C. § 1554 prescribes administrative remedies for grievances arising out of a training program. The Act confers on the Secretary of Labor broad authority to monitor training programs and to take appropriate action to assure compliance with the law. §§ 1573 & 1574. The Secretary's final order is subject to judicial review in the court of appeals. § 1578. The lack of an express, private right of action and the pervasive administrative remedies demonstrate that Congress provided no private right of action for persons aggrieved by the failure of a recipient of training funds to abide by the law.

In *American Fed. of State, County & Municipal Employees v. Private Industry Council,* 942 F.2d 376, 379 (6th Cir.1991), the court held that there was no implied private right of action for violation of § 1553(b)(3)(B), which deals with labor standards. We perceive no reason why the well-reasoned conclusion of this case should not apply also to § 1551 which pertains to job training and § 1574 which provides fiscal controls and sanctions.

The district court also rightly concluded that the International did not satisfy the third part of the test prescribed by *Hunt.* It is the individual members of the International who allegedly were deprived of training. The International seeks monetary damages because of New Beckley's alleged misappropriation of the training funds. The International's claim and the relief it seeks would require the participation of its aggrieved members.

## VII

We find no error in the dismissal of New Beckley's complaint and the International's counterclaim and third-party complaint. Inasmuch as the district court properly dismissed all federal claims, it did not err by dismissing New Beckley's pendant state law claims. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). The district court's judgment is

*AFFIRMED.*